**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 14-cv-00183-CMA-BNB

CAROL VON SCHWAB, and
RONALD VON SCHWAB,

    Plaintiffs,

v.

AAA FIRE & CASUALTY INSURANCE COMPANY,
a/k/a ACA INSURANCE COMPANY, an Indiana corporation,

    Defendant.

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Plaintiffs' Motion for Summary Judgment (Question of Law and Declaratory Judgment). (Doc. # 9.)

On January 22, 2014, Plaintiffs Carol and Ronald Von Schwab filed the instant case alleging claims for (1) breach of contract and declaratory judgment, (2) unreasonable delay, and (3) bad faith. (Doc. # 1.) On February 27, 2014, before engaging in any discovery, Plaintiffs filed the instant motion asking this Court to grant summary judgment on their first claim. Specifically, Plaintiffs ask this Court to declare that they are entitled to an appraisal under their insurance contract. (Doc. # 9.)

The appraisal provision of the policy states, in part, "If you and we fail to agree on the amount of the loss, either may demand an appraisal of the loss." (Doc. # 9-2 at 15.) Therefore, Defendant contends, and Plaintiffs agree that this provision is applicable only

once the insurance company and insured agrees there is a covered loss. (Doc. ## 12 at 10; 18 at 6.) Plaintiffs respond that there was a covered loss and that only the amount of those losses is in dispute. However, it appears that although Defendant found there was covered losses to the gutters, painted trim, siding, decking, and vinyl windows, it did not find that there were covered losses to the roof. The losses to the roof form the basis of Plaintiffs' claims.

> Defendant's letter denying coverage for the hail damage to the roof states:
>
> Inspection revealed no direct physical loss to the function of, or life expectancy of, the roofing itself from the storm on reported date of loss. . . . This specific shingle manufacturer (Masonite) was involved and paid out to claimants in a class action lawsuit due to failure of this product. . . . The product was found to be defective and [does] not serve the purpose for which it was intended. . . . Douglas County Code does not allow this type of roofing and therefore the roofs must be replaced.

The letter goes on to state policy language applicable to the claim, including that Defendant does not insure for loss caused by defective "materials used in repair, construction, renovation, or remodeling." (Doc. # 12-2 at 1-2.)

Without first determining that there were covered losses with respect to the roof, this Court cannot construe the applicability of the appraisal provision. To do otherwise would be to render an advisory opinion. *See Ashcroft v. Mattis*, 431 U.S. 171, 172 (1977) ("For a declaratory judgment to issue, there must be a dispute which 'calls, not for an advisory opinion upon a hypothetical basis, but for an adjudication of present right upon established facts.'") (citation omitted). Moreover, it is clear that discovery will aid this Court and the parties in determining whether there was a covered loss relating to the roof and the resulting applicability of the appraisal provision. This is evidenced by

Plaintiffs' Motion to Supplement their Motion for Summary Judgment with facts discovered through a deposition taken pursuant to Fed. R. Civ. P. 30(b)(6).

Accordingly, the Court DENIES WITHOUT PREJUDICE Plaintiffs' Motion for Summary Judgment (Question of Law and Declaratory Judgment).  (Doc. # 9.)

DATED:  September 15, 2014

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge