**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:14-cv-00183-CMA-NYW

CAROL VON SCHWAB,
RONALD VON SCHWAB,

     Plaintiffs,

v.

AAA FIRE & CASUALTY INSURANCE COMPANY
a/k/a ACA INSURANCE COMPANY, an Indiana corporation,

     Defendant.

---

**ORDER ON DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND
PLAINTIFFS' MOTION TO SUPPLEMENT**

---

Magistrate Judge Nina Y. Wang

     This matter comes before the court on Defendant AAA Fire & Casualty Insurance Company (also "Defendant" or "AAA") Motion for Protective Order as to Request for Expert Reports From Unrelated Cases [#74], filed March 12, 2015 ("Motion for Protective Order"), Pursuant to the Order of Reference dated January 27, 2014 [#4] and the Memorandum dated March 13, 2015 [#75], the Motion for Protective Order is before this Magistrate Judge.  Also before the court is Plaintiffs Carol Von Schwab and Ronald Von Schwab's (also "Plaintiffs" or the "Von Schwabs") Motion to Supplement Expert Opinion [#76], filed March 18, 2015 ("Motion to Supplement").  Pursuant to the Memorandum dated March 19, 2015 [#77], the Motion to Supplement is also presently before this court.

The court has reviewed the pending Motion for Protective Order, Plaintiffs' Response, Defendant's Reply, and any exhibits thereto. The court has also reviewed the Motion to Supplement, Defendant's Response, and any exhibits thereto.

The court is satisfied that the Motion for Protective Order and the Motion to Supplement can be resolved on the record before it absent any further briefing from either party and without the need for oral argument from counsel, and for the reasons discussed below, the court GRANTS the Motion for Protective Order and GRANTS the Motion to Supplement.

**BACKGROUND**

Because of the relevance to the discovery disputes at issue, the court will discuss Plaintiffs' allegations as set forth in their Complaint filed on January 22, 2014 [#1]. The Von Schwabs are policyholders of residential insurance coverage from the Defendant AAA (hereinafter, the alleged coverage is also referred to as "the policy"). [*Id.*, at 5]. On or about June 6, 2012, Plaintiffs' residence was damaged by a storm that included a "catastrophic hail event" that damaged the roof's shingles and, apparently, other structures of the residence including the windows. [*Id.*, ¶¶ 7, 15, 20]. Rather than providing prompt, accurate assessment of Plaintiffs' damages and providing coverage as required, Defendant instead persistently underestimated the extent of loss, cited inapplicable exclusions, and delayed in making payments due under the policy. [*Id.*, ¶¶ 8-29]. In so doing, Plaintiffs assert that Defendant not only breached the terms of the relevant policy, but did so in bad faith, and unreasonably delayed making required payments. [*Id.*, First, Second, and Third Claim for Relief].

According to Plaintiffs' Motion to Supplement, on January 30, 2015, the day before opening expert disclosures pursuant to Fed. Rule Civ. P. 26(a)(2) and prior Order of this Court came due, "AAA represented it would be paying the roofing claim brought by Mr. and Mrs. Von

Schwab." [#76, at 1]. However, as of mid-March 2015, no such payment had been made; accordingly, Plaintiffs now move for leave for their "bad faith" expert Dave Waskel to supplement his opinion to extend to what Plaintiffs contend is a further instance of unreasonable delay, and part of a larger "pattern of delay" showing bad faith on the part of Defendant. [#76 & #76-1].

As set forth in Defendant's Motion for Protective Order, on February 19, 2015, Plaintiffs' counsel served a copy of a subpoena on Defendant's own "bad faith" expert John Craver. [#74, at 10]. Plaintiffs assert that Mr. Craver is biased because he consistently opines in favor of insurance companies in actions alleging bad faith on the part of same. [#79]. The underlying subpoena at issue seeks the "last 10 reports [Mr. Craver] has issued in connection with [Mr. Craver] acting as an expert witness in matters involving allegations of unreasonable delay by an insurer." [#74-1].

Below, the court addresses the merits first of Defendant's Motion for Protective Order, and then turns to the merits of Plaintiffs' Motion to Supplement.

## ANALYSIS

**I.     Motion for Protective Order**

    **A.     Standard of Review**

Rule 26(b)(1) limits the scope of discovery to any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). This principle of broad discovery is intended to allow the parties to learn as much as they can about each other's claims and defenses in advance of trial. *See Herbert v. Lando*, 441 U.S. 153, 177, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979) ("The Court has more than once declared that the deposition-discovery rules are to be accorded a broad and liberal treatment to effect their purpose of adequately informing the

litigants in civil trials."). Upon a showing of "good cause" by the proponent of discovery, an even broader standard of "any matter relevant to the subject matter involved in the action" may be applied. *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1188 (10th Cir. 2009). However, when the relevance of a discovery request or device is not apparent on the face of the request or device itself, the proponent of discovery bears the burden of making an initial, rebuttable showing of relevance. *Thompson v. Jiffy Lube Int'l, Inc.*, No. 05–1203–WEB, 2007 WL 608343, at *8 n. 20 (D. Kan. Feb. 22, 2007).

Nevertheless, the proper scope of discovery is always bounded by the principles of proportionality. Fed. R. Civ. P. 26(b)(2)(C); *see also Qwest Commc'ns Int'l v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003). Indeed, Rule 26(b)(2)(C) allows a court to limit discovery on motion or on its own if it determines that: (1) the discovery sought is unreasonably cumulative or duplicative, or may be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (3) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. Fed. R. Civ. P. 26(a)(2)(C). Discovery targeted at matters not relevant to the case imposes a *per se* undue burden that may by itself justify issuance of a protective order. *See McBride v. Medicalodges, Inc.*, 250 F.R.D. 581, 586–87 (D. Kan. 2008) (finding topics in a 30(b)(6) notice irrelevant and granting a protective order as to those topics).

B.  **Application to Defendant's Motion for Protective Order**

In essence, Plaintiffs seek discovery of Mr. Craver's expert witness reports involving unrelated cases and parties on the basis of their representation that Mr. Craver is biased, and their speculation that they may obtain evidence of same in Mr. Craver's prior reports. [#79, at 1-2]. Though the presumptive scope of discovery embodied by the Federal Rules of Civil Procedure is broad absent good cause for limitation, the court declines to permit the overbroad discovery sought by Plaintiffs' subpoena upon Mr. Craver. Federal Rule of Civil Procedure 26(a)(2)(B) provides in part that a "witness who is retained or specially employed to provide expert testimony . . . [shall disclose] a written report . . . listing [ ] any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years." [*Id.*] As other courts have held in passing on subpoenas requesting a party's expert's prior expert reports, "[b]y implication" a party "is not entitled to disclosure of the reports in those [prior] cases, regardless of their subject matter." *Surles v. Air France*, No. 00CIV5004RMBFM, 2001 WL 815522 at *7 (S.D.N.Y. July 19, 2001); *see also Trunk v. Midwest Rubber and Supply Co.*, 175 F.R.D. 664, 665 (D. Colo. 1997) ("conclusions and opinions offered in unrelated litigation do not fall within the scope of Rule 26 discovery"); *In re Air Crash Disaster at Stapleton international Airport, Denver, Colorado on November 15, 1987*, 720 F. Supp. 1442, 1444 (D. Colo. 1988) (finding that such discovery "would unnecessarily burden litigation with pre-trial inquiry into facts and issues wholly irrelevant to the case at hand. Defendants' general contention that they are entitled to develop material to be used during cross-examination does not convince this court to articulate a new general rule favoring burdensome production and deposition.").

Absent some showing of potential relevance, the subpoena should also be quashed because speculation as to potential bias alone is not a sufficient ground to burden Mr. Craver and

third-parties with the task of sifting through materials in the unrelated expert reports to determine whether such reports contain confidential materials properly subject to redaction. Having said nothing of the contents of any particular prior reports beyond the general subject matter, Plaintiffs have failed to provide the court with a reasonable basis to conclude that the relevance of the unrelated expert reports, or any bias such reports could reflect, outweighs the burden to Mr. Carver. Charles E. Wright et al., 8 FED. PRAC. & PROC. CIV. § 2015 (3d ed.) (collecting authorities) (noting that as to the discoverability of evidence of bias generally, "the task for the court is to assess the likelihood that the discovery actually will produce admissible evidence; unless there is reasonable basis to predict that it will, discovery may be refused on that ground.")

## II.     Motion to Supplement

### A.     Standard of Review

Rule 26(a)(2) requires parties to produce a written report by each expert witness that includes "a complete statement of all opinions to be expressed [by that witness] and the basis and reasons therefor." Fed. R. Civ. P. 26(a)(2). This report must be "detailed and complete" and state "the testimony the witness is expected to present during direct examination, together with the reasons therefor." Fed. R. Civ. P. 26 1993 advisory committee's note. The expert's report must be produced by the court-ordered deadline, which in this case as to issues as to which a party bears the burden of proof was January 31, 2015. A party that fails to disclose expert testimony in compliance with these rules may not present the expert's testimony at trial unless the failure to disclose was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1).

Under Fed. Rule Civ. P. 26(e)(1), an expert may or may even be required to supplement his or her report and disclosures in certain limited circumstances. Those circumstances are when the party or expert learns the information previously disclosed is incomplete or incorrect in some

material respect.  Fed. R. Civ. P. 26(e).  This provision is "not intended to provide an extension of the expert designation and report production deadlines" and may not be used for this purpose. *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 324 (5th Cir. 1998).  Permissible supplementation under the Rules instead "means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure."  *Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998); *Beller v. United States*, 221 F.R.D. 689, 694–95 (D.N.M.2003).

### B.     Application to Plaintiffs' Motion to Supplement

The court construes Plaintiffs' Motion to Supplement as a request to fill in an incomplete report by Dave Waskel based on information that was not reasonably available to Mr. Waskel at the time his report came due.  Because the applicable disclosure deadline was January 31, 2015, just a day after Defendant informed Plaintiffs that it intended to make payment on their roofing claim, the purported delay in making payment until mid-March of 2015—which Plaintiffs moved the court to add as a supplemental basis for Mr. Waskel expert opinion on March 18, 2015 [#76]—constitutes information that could not possibly have been available at the time of Mr. Waskel's initial disclosure.  Counsel for Defendant was informed of the content of the supplemental opinion on March 18, 2015, a day before Mr. Waskel's March 19, 2015 deposition. [#76-1].  Defendant does not dispute that, on March 18, 2015, Defendant's counsel stated that he intended to depose Mr. Waskel as to the substance of the proposed supplemental opinion.  [*Id.*] Given the brevity and simplicity of the proposed supplement, the court does not find (and Defendant does not contend) that Defendant would be unduly prejudiced based on an absence of a fair opportunity to cross-examine any bases for the proposed supplement.  Defendant instead contends that the proposed supplemental opinion is "immaterial, unnecessary, and misleading."

[#80, at 2]. The court now declines to address the substance of any such arguments, which more properly go to admissibility rather than discoverability. Defendant will have the opportunity to argue that Mr. Waskel's supplemental opinion should be excluded under any applicable evidentiary rule at the appropriate time.

## CONCLUSION

Based on the court's review of the papers and supporting evidence, and application of the pertinent case law, IT IS HEREBY ORDERED that:

(1) Defendant's Motion for Protective Order is GRANTED; and

(2) Plaintiff's Motion to Supplement is GRANTED.

DATED April 21, 2015               BY THE COURT:

                                   *s/* Nina Y. Wang_____
                                   United States Magistrate Judge